DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment issued by the Juvenile Division of the Lawrence County Common Pleas Court. B.C., a minor child (d/o/b 5-3-91) was adjudicated a delinquent for having committed the offense of rape. See R.C. 2907.02.
 {¶ 2} Appellant assigns the following errors for review:[1] *Page 2 
 FIRST ASSIGNMENT OF ERROR:
 "THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT FAILED TO CREATE A COMPLETE RECORD IN VIOLATION OF JUV.R. 37(A)."
 SECOND ASSIGNMENT OF ERROR:
 "THE TRIAL COURT VIOLATED [B.C.'s] RIGHT TO DUE PROCESS UNDER THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION, OHIO REVISED CODE 2151.25, CRIM.R. 43, AND JUV.R. 27, 29(F) AND 34(J) WHEN IT ENTERED DISPOSITION OUTSIDE OF [HIS] PRESENCE."
 THIRD ASSIGNMENT OF ERROR:
 THE JUVENILE COURT ABUSED ITS DISCRETION WHEN IT COMMITTED [B.C.] TO THE OHIO DEPARTMENT OF YOUTH SERVICES."
 {¶ 3} On June 5, 2006, B.C. was spending the night at the home of a family friend. He and another child, six year old "C.C." watched a movie. C.C.'s father was present, but had fallen asleep. Sometime later, C.C.'s father awoke to see B.C. performing fellatio on his son. The father "grabbed" B.C., "slung" him into the wall and started "cursing" and "screaming" at him.
 {¶ 4} On June 16, 2006 a complaint was filed that alleged B.C. to be a delinquent child for having committed the offense of rape. At the adjudicatory hearing B.C. admitted the facts set forth in the complaint. At the dispositional hearing the trial court heard testimony and statements from various parties and announced that it would then "take the matter under advisement." The court stated that it would "get a decision out to you as promptly as I can," but did not "anticipate being back in the courtroom" when the decision was made. No objections were lodged in reference to the judge's *Page 3 
comments. The next day the trial court issued a decision that committed B.C. to the legal custody of the Ohio Department of Youth Services(DYS) for a minimum period of one year and a maximum period not to exceed his twenty-first (21st) birthday. This appeal followed.
 I {¶ 5} We jointly consider appellant's first and second assignments of error because they raise similar issues. Appellant's assignments of error, in essence, take the trial court to task for issuing its dispositional order the day after the hearing and outside of the presence of B.C. Although we acknowledge that the better practice might have been to render judgment with B.C. in the courtroom, we find no reversible error under the facts and circumstances present in the case sub judice.
 {¶ 6} First, appellant's contention that he was denied Due Process of Law and that his rights were violated under Juv.R. 37(A) because the trial court's dispositional order is not included in the transcript is unavailing. First, both the adjudicatory and dispositional hearings were fully recorded and transcribed and we have the transcript before us for review. Also, no indication exists that the Juvenile Court heard any other evidence, or any further argument, before it rendered its decision the next day. Thus, we see no prejudice inuring to appellant simply because the Juvenile Court announced its decision the following day through its judgment entry and on paper, rather than verbally announcing its decision in open court.[2] *Page 4 
 {¶ 7} We also note that our decision is consistent with a line of cases decided by our Twelfth District colleagues. That court determined, on several occasions, that neither a violation of Juv.R. 37 nor a deprivation of Due Process occurs if a juvenile is not present in a courtroom when a dispositional order is announced. In re Panko, Brown App. No. CA2001-05-008, 2002-Ohio-2306, at]}13; In re Kash (Mar. 29, 2002), Warren App. No. CA2001-06-057. What is important, however, is that the evidentiary and argumentative portions of the hearings are transcribed. Again, in the case sub judice such transcriptions exist.
 {¶ 8} Moreover, if we accept appellant's view for purposes of argument that it was error to not announce the final disposition in open court, that error has been waived in this case. In the case at bar, our review of the transcript reveals that the Juvenile Court stated on the record that it intended to take the matter under advisement and render a decision later. Appellant could have objected, but did not do so. It is well settled that any error that could have been called to a court's attention when it could have been corrected, is deemed waived. SeeState v. Peagler (1996), 76 Ohio St.3d 496, 499, 668 N.E .2d 489;State v. Lott (1990), 51 Ohio St.3d 160, 174, 555 N.E.2d 293.
 {¶ 9} For these reasons, we find no merit in appellant's first and second assignments of error and they are hereby overruled.
 1. II *Page 5 {¶ 10} Appellant asserts in his third assignment of error that the Juvenile Court erred by committing him to DYS rather than utilizing another available treatment option (Hocking Valley Residential Treatment Center). We disagree.
 {¶ 11} Juvenile Courts have broad discretion to craft dispositions for delinquent children. In re D.S., 111 Ohio St.3d 361, 363,856 N.E.2d 921, 2006-Ohio-5851, at]}6; also see In re A.L., Butler App. No. CA2005-12-520, 2006-Ohio-4329, at ¶ 57. Generally, courts of review will not disturb a trial court's choice of disposition absent an abuse of discretion. In re T.S., Franklin App. No. 06AP-1163, 2007-Ohio-5085, at]}28; In re T.H., Clermont App. Nos. CA2006-02-021 CA2006-02-022,2007-Ohio-352, at ¶ 10. When reviewing for an abuse of discretion, appellate courts must not substitute their judgment for that of the trial court. State ex rel. Duncan v. Chippewa Twp. Trustees (1995),73 Ohio St.3d 728, 732, 654 N.E.2d 1254; In re Jane Doe 1 (1991).57 Ohio St.3d 135, 137-138, 566 N.E.2d 1181.
 {¶ 12} A juvenile court's task to determine an appropriate disposition in a delinquency case is very difficult. On one hand, a serious offense may have been committed and the court must see that justice is served. On the other hand, young offenders need to be rehabilitated. This is why Ohio law requires juvenile courts to make dispositions that are reasonably calculated to achieve the overriding purposes of delinquent juvenile disposition. See R.C. 2152.01(B). Those purposes include, inter alia, protecting the public interest, holding the delinquent accountable for his actions, restoring the victim and rehabilitating the offender. Id. at (A). Although a juvenile court is not vested with unfettered discretion to make dispositions, we will not reverse a juvenile court's judgment in this regard unless it is apparent that the court's decision is *Page 6 
arbitrary, unreasonable and unconscionable.
 {¶ 13} In the case at bar, it could well be, as appellant contends, that committing appellant to the Hocking Valley Residential Treatment Center is a viable option. If the trial court had made that disposition, we would, in all likelihood, affirm the court's judgment. That, however, is not the standard under which we review the Juvenile Court's disposition. Here, the Juvenile Court was better able to view the parties, to assess the victim's and the victim's family's needs, to assess the offender's situation and to then consider and weigh all available options. In light of the facts and circumstances of this case, we are not convinced that appellant has established that the trial court's decision is arbitrary, unreasonable and unconscionable.
 {¶ 14} Appellant argues that "it is not clear whether the court considered the overriding purposes of juvenile disposition" under R.C.2152.01(A). Appellant points to a silent record and questions how the Juvenile Court arrived at its decision. We disagree with appellant, however, that a silent record is tantamount to reversible error. Appellant cites no authority for the proposition that a Juvenile Court must affirmatively and explicitly state, on the record, its reason or rationale for choosing one dispositional alternative over another. If the Ohio General Assembly had intended to require such a recitation on the record, it would have written that requirement into R.C. 2152.01.
 {¶ 15} Although it does not appear that any other appellate court has considered this precise issue, we note by analogy that courts have long held that in misdemeanor cases the trial court is not required to state its sentencing rationale and reasons on the record. If a record is silent concerning whether a court considered the principles and purposes of misdemeanor sentencing, the sentence will be upheld if the record *Page 7 
supports that decision and no indication exists that the court abused its discretion. See generally State v. Robenolt, Mahoning App. No. 04MA104, 2005-Ohio-6450, at]}21; Conneaut v. Peaspanen, Ashtabula App. No. 2004-A-0053, 2005-Ohio-4658, at ¶ 28; Cleveland v. Uveges (May 16, 1991), Cuyahoga App. Nos. 58498-59501. Indeed, if a sentence is within the appropriate statutory limit, reviewing courts presume that the trial court followed the applicable guidelines. State v. Wagner (1992), 80 Ohio App.3d 88, 95-96, 608 N.E.2d 852; State v. Crable, Belmont App. No. 04BE17, 2004-Ohio-6812, at ¶ 24.
 {¶ 16} We see no reason why the same principle should not apply here. Appellant does not argue that his DYS commitment is outside the Juvenile Court's authority and, clearly, it is not. Furthermore, we do not believe that the Juvenile Court erred by failing to explicitly discuss on the record its various reasons and rationale for the particular disposition that it chose to make, nor do we find an abuse of discretion in the final disposition. Therefore, for these reasons, we hereby overrule appellant's third assignment of error.
 {¶ 17} Having reviewed all errors assigned and argued in the brief, and finding merit in none of them, the judgment of the Juvenile Court is hereby affirmed.
JUDGMENT AFFIRMED.
[1] Appellant's brief contains a joint statement of assignments of error and issues presented for review. App.R. 16(A), however, requires that these be separate from one another. Appellant's brief also contains a joint statement of the case and the facts. App.R. 16(A) also requires that these be separate from one another.
[2] We are somewhat perplexed by the "due process" issues raised in these assignments of error. Appellant asserts that the failure to render a decision in open court violated both his Fifth and Sixth Amendment Due Process rights under the United States Constitution. The Sixth Amendment has no "Due Process" Clause," however. Although the Fifth Amendment does contain a due process clause, the Bill of Rights do not, in and of themselves, apply to the States. See Barron v. Baltimore (1833),32 U.S. 243, 250-251, 8 L.Ed. 672. We note that the Fifth Amendment Due Process Clause has not been "selectively incorporated" into theFourteenth Amendment because that amendment already contains a "Due Process Clause."