[Cite as *State v. Damron*, 2011-Ohio-165.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 10CA3375 |
| | : | |
| Plaintiff-Appellant, | : | |
| | : | DECISION AND |
| v. | : | JUDGMENT ENTRY |
| | : | |
| JAMES E. DAMRON, | : | **RELEASED 01/07/11** |
| | : | |
| Defendant-Appellee. | : | |

_____

APPEARANCES:

James E. Damron, Chillicothe, Ohio, pro se Appellant

Mark E. Kuhn, SCIOTO COUNTY PROSECUTOR, Portsmouth, Ohio, for appellee.
_____

Harsha, P.J.

{¶1}   James E. Damron appeals the trial court's denial of his post-sentence "motion to withdraw" his guilty pleas to two counts of murder. However, Damron filed his notice of appeal outside the time frame specified in App.R. 4(A). Therefore, we lack jurisdiction to consider this appeal and must dismiss it.

I. Facts

{¶2}   In November 2002, the Scioto County grand jury indicted Damron on two counts of aggravated murder with firearm specifications.[1] Damron ultimately pleaded guilty to two counts of murder (a lesser included offense of aggravated murder) without firearm specifications, in March 2003. The trial court sentenced Damron to a prison

---

[1] The indictment mistakenly referred to the second specification as a "SPECIFICATION AS TO COUNT ONE" of the indictment even though it immediately followed the second count of aggravated murder.

term of 15 years to life on each count and ordered him to serve the terms concurrently. In December 2009, Damron filed a "MOTION TO WITHDRAW GUILTY PLEA[S]." Damron repeatedly referenced Crim.R. 32.1 in his memorandum in support of the motion. However, the trial court treated his motion as a petition for post-conviction relief and found the petition untimely under R.C. 2953.21. Thus the trial court denied Damron's "MOTION TO WITHDRAW GUILTY PLEA[S]" on March 9, 2010 without a hearing. Damron filed a motion for reconsideration of that order, which the trial court also denied on March 23, 2010.

{¶3} Damron appealed from the order denying the motion for reconsideration. On June 4, 2010, we dismissed that appeal in *State v. Damron*, Scioto App. No. 10CA3347 and explained that a motion for reconsideration of a final order, i.e. the order that denied the motion to withdraw, is a nullity. Thus, the trial court's order purporting to overrule that motion also constituted a nullity and was not a final, appealable order.

{¶4} Subsequently, Damron filed a motion asking the trial court to "issue a 'Final Appealable Order'" with regard to the "motion to withdraw" his pleas. On June 23, 2010, the court issued a **"NUNC PRO TUNC JUDGMENT ENTRY"** entry, which states the March 9, 2010 entry "shall include the following language: 'This is a final appealable order.'" Damron now appeals from the trial court's June 23, 2010 entry in an effort to challenge the court's denial of his motion to withdraw his guilty pleas. Damron filed his notice of appeal on July 8, 2010.

## II. Assignment of Error

{¶5} Damron raises the following assignment of error for our review:

THE TRIAL COURT ABUSED IT'S [SIC] DISCRETION BY DENYING DEFENDANT'S MOTION TO WITHDRAW HIS PLEA IN VIOLATION OF

HIS DUE PROCESS RIGHTS AS GUARANTEED BY THE FIFTH AND FOURTEETH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTIONS 10 AND 16, ARTICLE 1 OF THE OHIO CONSTITUTION.

### III.  Jurisdiction

**{¶6}**   Before we address the merits of the appeal, we must decide whether we have jurisdiction to do so.  Appellate courts "have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district[.]"  Section 3(B)(2), Article IV, Ohio Constitution.  Under App.R. 4(A), in a criminal case "[a] party shall file [a] notice of appeal * * * within thirty days of the * * * entry of the judgment or order appealed * * *."  "[F]ailure to file a timely notice of appeal under App.R 4(A) is a jurisdictional defect."  *In re H.F.*, 120 Ohio St.3d 499, 2008-Ohio-6810, 900 N.E.2d 607, at ¶17.

**{¶7}**   Here, the trial court treated Damron's motion to withdraw as a petition for post-conviction relief, not a Crim.R. 32.1 motion.  We do not share the trial court's conclusion about the nature of the relief Damron's motion requested.  We conclude the motion was based upon Crim.R. 32.1 and simply sought to withdraw his plea after sentencing.  Thus, to the extent that the court applied R.C. 2953.21 in deciding the motion, it erred.  See *State v. Bush*, 96 Ohio St.3d 235, 2002-Ohio-3993, 773 N.E.2d 522, at syllabus ("R.C. 2953.21 and 2953.23 do not govern a Crim.R. 32.1 post-sentence motion to withdraw a guilty plea.").  Nonetheless, a trial court's order denying a post-sentence Crim.R. 32.1 motion to withdraw a plea constitutes a final appealable order.  See *State v. Kramer*, Franklin App. No. 03AP-633, 2004-Ohio-2646, at ¶¶2-5; *State v. Davis* (Apr. 20, 1999), Vinton App. No. 98CA523, 1999 WL 249716, at *4.

{¶8}   Moreover, even if we are wrong and the court correctly characterized the motion as a petition for post-conviction relief, the court's denial of the motion still constituted a final, appealable order.  When a court dismisses a petition for post-conviction relief without an evidentiary hearing, as the trial court did in this case, the court must make findings of fact and conclusions of law.  *State v. Knott*, Athens App. No. 03CA6, 2004-Ohio-510, at ¶7, citing R.C. 2953.21(C).  "The time for appeal does not begin to run until the findings of fact and conclusions of law are filed."  Id. at ¶8, citing *State v. Mapson* (1982), 1 Ohio St.3d 217, 218-19, 438 N.E.2d 910 (per curiam).  "However, designated findings of fact and conclusions of law are not required if the court issues a judgment entry that is sufficiently detailed to permit appellate review."  Id., citing *State ex rel. Carrion v. Harris* (1988), 40 Ohio St.3d 19, 20, 530 N.E.2d 1330 (per curiam).  Although the court in the present case did not specifically label its findings and conclusions, it issued a detailed judgment entry setting forth its reasons for denying the purported petition.  Thus the March 9, 2010 entry satisfies the purpose of R.C. 2953.21(C).

{¶9}   Therefore, regardless of how we characterize Damron's "MOTION TO WITHDRAW GUILTY PLEA[S]," the trial court's March 9, 2010 entry denying his request constitutes the final order that determined the action below, i.e. the action to either withdraw the plea under Crim.R. 32.1 or to seek post-conviction relief.  This entry is this order from which Damron should have appealed.

{¶10}  Damron had 30 days to file his notice of appeal under App.R. 4(A) but did not.  Instead, he waited until July 8, 2010 to file a notice of appeal from the nunc pro tunc entry.  The nunc pro tunc entry made explicit what was already implicit in the

March 9, 2010 order – that the March entry constituted a final, appealable order. However, the trial court's issuance of the nunc pro tunc entry did not restart the clock under App.R. 4(A). "A nunc pro tunc entry is the procedure used to correct clerical errors in a judgment entry, but the entry does not extend the time within which to file an appeal, as it relates back to the original judgment entry." *State v. Yeaples*, 180 Ohio App.3d 720, 2009-Ohio-184, 907 N.E.2d 333, at ¶15.

**{¶11}** Because Damron failed to file a timely appeal under App.R. 4(A) and did not file a motion for delayed appeal under App.R. 5(A), we lack jurisdiction to consider this appeal and must dismiss it.

APPEAL DISMISSED.

## **JUDGMENT ENTRY**

It is ordered that the APPEAL BE DISMISSED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Kline, J. & McFarland, J.:  Concur in Judgment and Opinion.


                        For the Court


                        BY: _____
                             William H. Harsha
                             Presiding Judge


### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**