[Cite as *State v. Blankenship*, 2013-Ohio-5261.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | Case No. 13CA3364 |
| vs. | : | |
| ANTHONY L. BLANKENSHIP, | : | DECISION AND JUDGMENT ENTRY |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

COUNSEL FOR APPELLANT:     Lori J. Rankin, 14 South Paint Street, Ste. 1, Chillicothe, Ohio 45601

COUNSEL FOR APPELLEE:     Matthew S. Schmidt, Ross County Prosecuting Attorney, and Jeffrey C. Marks, Ross County Assistant Prosecuting Attorney, 72 North Paint Street, Chillicothe, Ohio 45601

CRIMINAL APPEAL FROM COMMON PLEAS
DATE JOURNALIZED: 11-21-13
ABELE, J.

{¶ 1}     This is an appeal from a Ross County Common Pleas Court judgment of conviction and sentence.   Anthony L. Blankenship, defendant below and appellant herein, pled no contest to a charge of drug possession in violation of R.C. 2925.11.   Appellant assigns the following error for review[1]:

"THE TRIAL COURT ERRED IN VIOLATION OF MR.

_____

[1]  Appellant's brief does not include a separate statement of the assignment(s) of error as App.R. 16(A)(3) requires. Thus, we take the assignment of error from the Table of Contents.

BLANKENSHIP'S RIGHTS UNDER THE FOURTH
AMENDMENT TO THE UNITED STATES CONSTITUTION
AND ARTICLE I, SECTION 10 OF THE OHIO
CONSTITUTION WHEN THE TRIAL COURT OVERRULED
MR. BLANKENSHIP'S MOTION TO SUPPRESS EVIDENCE."

**{¶ 2}** On November 4, 2011, the Ross County Grand Jury returned an indictment that charged appellant with drug possession (cocaine). Appellant pled not guilty and filed a motion to suppress the evidence against him on grounds that the police did not have reasonable suspicion of criminal activity for a constitutional investigative stop under *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The trial court overruled appellant's motion and, after appellant pled no contest, found him guilty.

**{¶ 3}** On November 13, 2012 the trial court sentenced appellant to various community control sanctions. That entry, however, incorrectly stated that appellant had pled guilty. The court issued a December 14, 2012 nunc pro tunc entry that reflected that appellant had, in fact, pled no contest. No other changes appear from the original sentencing entry. Appellant filed his notice of appeal on January 14, 2013.

**{¶ 4}** Before we address the merits of the assignment of error, we first address a threshold jurisdictional issue. A notice of appeal must be filed within thirty days of the judgment that is being appealed. App.R. 4(A). This requirement is jurisdictional and we cannot consider any appeal filed outside of that period. *State v. Francis*, 4th Dist. Meigs No. 10CA2, 2011-Ohio-4497, at ¶12; *State v. Cremeens*, 4th Dist. Vinton No. 06CA646, 2006-Ohio-7092, at ¶6; *State v. Matthews*, 4th Dist. Highland No. 00CA9, 2000 WL 33907712 (Nov. 9, 2000). Moreover, even when the parties do not raise a jurisdictional issue (as is the case here), a reviewing court must raise it sua sponte. *State v. Frye*, 4th Dist. Scioto No. 12CA3499,

2013-Ohio-3307, at ¶4; also see *In re Murray*, 52 Ohio St.3d 155, 159–160, 556 N.E.2d 1169, at

fn. 2 (1990); *Whitaker–Merrell v. Geupel Co.*, 29 Ohio St.2d 184, 186, 280 N.E.2d 922 (1972)

(applying the principle in the context of civil cases).

**{¶ 5}**   In the case sub judice, the trial court entered final judgment on November 13,

2012.   For this Court to have jurisdiction over an appeal from that judgment, a notice of appeal

had to be filed within thirty days of that date.   Appellant filed his notice of appeal on January 14,

2013.   This is outside the thirty day time frame and, thus, we do not have jurisdiction to consider

this matter.

**{¶ 6}**   Appellant does not address this issue, but we suspect that his counter-argument

would be that he filed his notice of appeal within thirty days of the December 14, 2012 nunc pro

tunc entry.   Indeed, his notice of appeal expressly references the "Judgment Entry of Sentence

[that] was journalized on Dec. 14, 201[2][2]."

**{¶ 7}**   However, as this Court has previously held, a nunc pro tunc entry does not "restart

the clock" for purposes of filing an appeal. *State v. Damron*, 4th Dist. Scioto No. 10CA3375,

2011-Ohio-165, at ¶10.   "A nunc pro tunc entry is the procedure used to correct clerical errors in

a judgment entry, but the entry does not extend the time within which to file an appeal, as it

relates back to the original judgment entry." *State v. Yeaples*, 180 Ohio App.3d 720,

2009-Ohio-184, 907 N.E.2d 333, at ¶ 15 (3rd Dist.); also see *Damron*, supra, at ¶10; *State v.

Crosby*, 12th Dist. Clermont Nos. CA2010–10–081 & CA2011–02–013, at ¶12.

**{¶ 8}**   Here, the nunc pro tunc entry corrected an erroneous statement in the original

---

[2]   The Notice of Appeal incorrectly sets forth the year as 2013 rather than 2012.

sentencing entry (that appellant had pled guilty), and brought the trial court's final judgment into conformity with what is apparent from the record (i.e. that appellant pled no contest). No change occurred to the sentence or to any other substantive part of the original entry.

**{¶ 9}** Therefore, appellant's notice of appeal should have been filed within thirty days of the original judgment, rather than thirty days from the nunc pro tunc judgment. It was not. Accordingly, this Court lacks the jurisdiction to review the matter and we hereby dismiss the appeal.[3]

APPEAL DISMISSED.

---

[3] This is not to say, however, that appellant is forever foreclosed from appellate review. Appellant may choose to pursue a delayed appeal under App.R. 5.

[Cite as *State v. Blankenship*, 2013-Ohio-5261.]

JUDGMENT ENTRY

It is ordered that the appeal be dismissed and that appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.

The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, P.J. & Hoover, J.: Concur in Judgment & Opinion

For the Court

BY:_____

Peter B. Abele, Judge

**NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.