[Cite as *In re W.P.P.*, 2016-Ohio-345.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

IN THE MATTER OF:          :
                          :
    W.P.P.,          : Case No. 15CA34
                          :
                          :
    Adjudicated Delinquent     : <u>DECISION AND JUDGMENT ENTRY</u>
    Child.          :
                          :

 

APPEARANCES:

Timothy Young, Ohio Public Defender, and Charlyn Bohland, Assistant State Public Defender, Columbus, Ohio, for Appellant.

Kevin Rings, Washington County Prosecuting Attorney, and Amy Graham, Washington County Assistant Prosecuting Attorney, Marietta, Ohio, for Appellee.

 

CIVIL APPEAL FROM COMMON PLEAS COURT

DATE JOURNALIZED: 1-15-16                        ABELE, J.

{¶ 1} This is an appeal from a Washington County Common Pleas Court, Juvenile Division, judgment that adjudicated W.P.P., appellant herein, a delinquent child for violating the terms of his probation and that committed appellant to the Washington County Juvenile Center (WCJC) to complete the final phase of a rehabilitation treatment program. Appellant raises the following assignment of error for review:

> "THE JUVENILE COURT ABUSED ITS DISCRETION WHEN
> IT RECOMMITTED W.P.P. TO THE WASHINGTON COUNTY
> JUVENILE CENTER AFTER A PROBATION VIOLATION."

{¶ 2} On April 16, 2014, appellant made lewd gestures behind his sixth-grade teacher as she leaned over a desk to help another student. On April 29, 2014, the Washington County Prosecutor's Office filed a two-count complaint that alleged appellant to be a delinquent child for

(1) committing disorderly conduct in the vicinity of a school or in a school safety zone, in violation of R.C. 2917.11(A)(5), and (2) disorderly conduct in the vicinity of a school or in a school safety zone, in violation of R.C. 2917.11(A)(2). Both offenses would be a fourth-degree misdemeanor if committed by an adult. Appellant subsequently admitted that he was a delinquent child for committing an amended minor misdemeanor charge of disorderly conduct in violation of R.C. 2917.11(A)(2).[1]

{¶ 3} On August 19, 2014, the trial court committed appellant to WCJC to complete a rehabilitation program and placed appellant on community control "until all Court orders are completed or further order of Court * * *." As part of appellant's community control, the court imposed probation and required appellant to perform 100 hours of community service.

{¶ 4} On May 19, 2015, Probation Officer Justin Gregory filed a probation violation against appellant. Gregory alleged that appellant violated the terms of his probation by failing to follow WCJC rules, cussing at staff members, and throwing furniture at the facility. The trial court concluded that appellant did violate the terms of his probation by failing to obey the rules and by displaying poor behavior while at WCJC. The court found that appellant refused to follow staff orders, cursed, threatened a peer, kicked WCJC property, threw furniture and a clipboard, left an assigned area without permission, and entered a room without permission.

{¶ 5} On July 28, 2015, the trial court held a disposition hearing. The evidence showed that the child successfully completed Zones 1 and 2 of the rehabilitation program, but since he began Zone 3, his compliance has deteriorated. Since entering Zone 3, he received 228

---

[1] The amended charge removed the specification that appellant committed the offense in a school zone or in a school safety zone.

consequences.   Appellant's probation officer testified that he believes that appellant can, and should, complete the rehabilitation program.

{¶ 6}   At the conclusion of the hearing, the trial court ordered appellant to complete the rehabilitation program.   The court found that (1) appellant is capable of completing the program, if he chooses to do so; (2) the psychological evaluation indicates a structured setting would help appellant address his anger issues, his lack of self-control, and other issues; and (3) nothing in the psychological evaluation indicates that appellant is incapable of completing the rehabilitation program.

{¶ 7}   On July 28, 2015, the trial court issued a judgment that committed appellant to the temporary custody of WCJC to complete the rehabilitation program, starting at Zone 3, Day 1. The court also voided all pre-existing "dead time" and consequences.   This appeal followed.

{¶ 8}   In his sole assignment of error, appellant argues that the trial court abused its discretion by ordering him to complete the rehabilitation program.   Appellant additionally challenges the court's original dispositional order that committed him to WCJC.   Appellant argues that committing him to WCJC for completion of a rehabilitation program is disproportionate to the circumstances surrounding his minor misdemeanor disorderly conduct offense.

{¶ 9}   Initially, we agree with the state that appellant cannot now challenge the trial court's August 19, 2014 dispositional order.   App.R. 4(A) requires that a notice of appeal be filed within thirty days of the final judgment.   This rule is jurisdictional, and absent exceptions not applicable here, we cannot consider any appeal filed outside of this thirty-day time period. State v. Blankenship, 4th Dist. Ross No. 13CA3364, 2013-Ohio-5261, ¶4.   In the case at bar, the

trial court's August 19, 2014 order is a final judgment. Appellant did not file a notice of appeal from that judgment. Consequently, because appellant did not timely appeal the court's August 19, 2014 final judgment, we lack jurisdiction to consider the propriety of the court's original dispositional order. Therefore, we cannot consider appellant's argument that the trial court imposed a disproportionate sanction for his original disorderly conduct delinquency adjudication. We may, however, consider appellant's argument that the trial court abused its discretion by ordering him to complete the rehabilitation program as a sanction for his probation violation delinquency adjudication.

{¶ 10} Juvenile courts have broad discretion to craft dispositions for delinquent children. In re D.S., 111 Ohio St.3d 361, 2006-Ohio-5851, 856 N.E.2d 921, ¶6. Thus, reviewing courts ordinarily will not disturb a trial court's disposition order absent an abuse of discretion. In re H.V., 138 Ohio St.3d 408, 2014-Ohio-812, 7 N.E.3d 1173, ¶8, citing In re D.S., 111 Ohio St.3d 361, 2006-Ohio-5851, 856 N.E.2d 921; In re B.C., 4th Dist. Lawrence No. 06CA43, 2007-Ohio-6477, ¶11. "The term 'abuse of discretion' implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable." H.V. at ¶8, citing Blakemore v. Blakemore, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983); see Vaught v. Cleveland Clinic Found., 98 Ohio St.3d 485, 2003-Ohio-2181, 787 N.E.2d 631, ¶13, quoting Nakoff v. Fairview Gen. Hosp., 75 Ohio St.3d 254, 256, 662 N.E.2d 1 (1996). Furthermore, when reviewing for an abuse of discretion, an appellate court must not substitute its judgment for that of the trial court. E.g., State v. Darmond, 135 Ohio St.3d 343, 2013-Ohio-966, 986 N.E.2d 971, ¶34; State ex rel. Duncan v. Chippewa Twp. Trustees, 73 Ohio St.3d 728, 732, 654 N.E.2d 1254 (1995); In re Jane Doe 1, 57 Ohio St.3d 135, 137-138, 566 N.E.2d 1181 (1991); Blakemore. Indeed, we afford substantial

deference to the juvenile court, which "has the opportunity to see and hear the delinquent child, to assess the consequences of the child's delinquent behavior, and to evaluate all the circumstances involved." In re Caldwell, 76 Ohio St.3d 156, 160–161, 666 N.E.2d 1367 (1996); accord Darmond at ¶34 (recognizing that abuse of discretion standard is deferential).

{¶ 11} Although juvenile courts possess broad discretion when choosing among disposition alternatives, courts must remain mindful of the overriding purposes of juvenile dispositions. "The protections and rehabilitative aims of the juvenile process must remain paramount; we must recognize that juvenile offenders are less culpable and more amenable to reform than adult offenders." In re C.P., 131 Ohio St.3d 513, 2012–Ohio–1446, 967 N.E.2d 729, ¶84. "'The principle underlying [the juvenile justice] system [is] to combine flexible decision-making with individualized intervention to treat and rehabilitate offenders rather than to punish offenses.'" In re Anderson, 92 Ohio St.3d 63, 65, 748 N.E.2d 67 (2001), quoting Rossum, Holding Juveniles Accountable: Reforming America's 'Juvenile Injustice System' (1995), 22 Pepperdine L.Rev. 907, 912.

{¶ 12} Consequently, R.C. 2152.01(B) requires delinquency dispositions to "be reasonably calculated to achieve" certain statutorily-defined "overriding purposes." R.C. 2152.01(A) defines the "overriding purposes" of delinquency dispositions as follows: (1) to provide for the delinquent child's care, protection, and mental and physical development; (2) to protect the public interest and safety, (3) to hold the delinquent child accountable, (4) to restore the victim, and (5) to rehabilitate the delinquent child. H.V. at ¶9, citing R.C. 2152.01(A). "The statute further states that these purposes are to be achieved 'by a system of graduated sanctions and services.' R.C. 2152.01(A)." Id. Additionally, R.C. 2152.01(B) requires

dispositions to be "commensurate with and not demeaning to the seriousness of the delinquent

child's * * * conduct and its impact on the victim, and consistent with dispositions for similar

acts committed by similar delinquent children * * * *."  Accordingly, a juvenile court that is

exercising its discretion to impose a delinquency disposition must consider the foregoing

principles.   D.S. at ¶6.

{¶ 13} R.C. 2152.19(A) enumerates the disposition orders that juvenile courts may

impose upon delinquent children and further permits juvenile courts to impose any other

disposition authorized or required under R.C. Chapter 2152.   Specifically, R.C. 2152.19(A)

allows juvenile courts to impose the following disposition orders:

> (1) Any order that is authorized by section 2151.353 of the Revised Code for the care and protection of an abused, neglected, or dependent child;
> (2) Commit the child to the temporary custody of any school, camp, institution, or other facility operated for the care of delinquent children by the county, by a district organized under section 2152.41 or 2151.65 of the Revised Code, or by a private agency or organization, within or without the state, that is authorized and qualified to provide the care, treatment, or placement required, including, but not limited to, a school, camp, or facility operated under section 2151.65 of the Revised Code;
> (3) Place the child in a detention facility or district detention facility operated under section 2152.41 of the Revised Code, for up to ninety days;
> (4) Place the child on community control under any sanctions, services, and conditions that the court prescribes.   As a condition of community control in every case and in addition to any other condition that it imposes upon the child, the court shall require the child to abide by the law during the period of community control.   As referred to in this division, community control includes, but is not limited to, the following sanctions and conditions:
> (a) A period of basic probation supervision in which the child is required to maintain contact with a person appointed to supervise the child in accordance with sanctions imposed by the court;
> (b) A period of intensive probation supervision in which the child is required to maintain frequent contact with a person appointed by the court to supervise the child while the child is seeking or maintaining employment and participating in training, education, and treatment programs as the order of disposition;

(c) A period of day reporting in which the child is required each day to report to and leave a center or another approved reporting location at specified times in order to participate in work, education or training, treatment, and other approved programs at the center or outside the center;

(d) A period of community service of up to five hundred hours for an act that would be a felony or a misdemeanor of the first degree if committed by an adult, up to two hundred hours for an act that would be a misdemeanor of the second, third, or fourth degree if committed by an adult, or up to thirty hours for an act that would be a minor misdemeanor if committed by an adult;

(e) A requirement that the child obtain a high school diploma, a certificate of high school equivalence, vocational training, or employment;

(f) A period of drug and alcohol use monitoring;

(g) A requirement of alcohol or drug assessment or counseling, or a period in an alcohol or drug treatment program with a level of security for the child as determined necessary by the court;

(h) A period in which the court orders the child to observe a curfew that may involve daytime or evening hours;

(I) A requirement that the child serve monitored time;

(j) A period of house arrest without electronic monitoring or continuous alcohol monitoring;

(k) A period of electronic monitoring or continuous alcohol monitoring without house arrest, or house arrest with electronic monitoring or continuous alcohol monitoring or both electronic monitoring and continuous alcohol monitoring, that does not exceed the maximum sentence of imprisonment that could be imposed upon an adult who commits the same act.
* * * *

(l) A suspension of the driver's license, probationary driver's license, or temporary instruction permit issued to the child for a period of time prescribed by the court, or a suspension of the registration of all motor vehicles registered in the name of the child for a period of time prescribed by the court.   A child whose license or permit is so suspended is ineligible for issuance of a license or permit during the period of suspension.   At the end of the period of suspension, the child shall not be reissued a license or permit until the child has paid any applicable reinstatement fee and complied with all requirements governing license reinstatement.

(5) Commit the child to the custody of the court;

(6) Require the child to not be absent without legitimate excuse from the public school the child is supposed to attend for five or more consecutive days, seven or more school days in one school month, or twelve or more school days in a school year;
* * * *

(8) Make any further disposition that the court finds proper, except that the child shall not be placed in a state correctional institution, a county, multicounty,

or municipal jail or workhouse, or another place in which an adult convicted of a crime, under arrest, or charged with a crime is held.

{¶ 14} In the case at bar, the trial court chose to impose the disposition order authorized under R.C. 2152.19(A)(2). See In re I.S.P., 4th Dist. Washington No. 09CA37, 2010-Ohio-410, ¶21 (recognizing that R.C. 2152.19(A)(2) authorized court to commit delinquent child to WCJC). After our review, we do not believe that the trial court abused its discretion by committing appellant to WCJC to complete the remainder of the rehabilitation program. The trial court could have rationally determined that requiring appellant to complete the rehabilitation program had the most likelihood of rehabilitating him. Despite appellant's claim that he has "struggled" to complete the program, he successfully completed the first two phases of the program without any significant problems. His "struggle" began when he entered the third–and nearly final–phase of the program. Thus, his actions show that he is capable of complying with a rehabilitation program but that for some reason, he has become unwilling–not unable–to cooperate with the third phase of the program. Appellant must understand that his defiance is not a reason to terminate him from the program. In fact, the court may have decided that his defiance showed that continuing in the rehabilitation program was even more important in order to ensure that appellant could return to society as a productive member. The court could have concluded that sending appellant to the detention center, as appellant requested, would do little to rehabilitate appellant and would not help him alter his behaviors. Moreover, we observe that a primary goal of delinquency dispositions is "to rehabilitate, wherever possible, a child who may be young enough that the behavior can be molded and the child directed away from delinquent and criminal acts and toward a productive and responsible future." Caldwell, 76 Ohio St.3d at

158. We believe the trial court's decision to require appellant to complete the rehabilitation program is consistent with this goal.

{¶ 15} To the extent appellant argues that requiring him to remain at WCJC results in too harsh of a sanction in light of his underlying disorderly conduct offense, we observe that juvenile courts "must look at not only the delinquent act but also the overall conduct and behavior of the juvenile, the juvenile's history, the remorse shown by the juvenile and other societal factors." Id. at 160. In the case sub judice, our review of the record shows that the trial court considered appellant's overall behavior. The court noted that in addition to the act that led to his disorderly conduct delinquency adjudication, appellant displayed other poor behavior at school. The court could have reasonably determined that appellant's history of poor school behavior, combined with his delinquency adjudication and failure to follow WCJC rules, demonstrated that appellant needs to be rehabilitated by completing a rehabilitation program and not simply by spending time in a detention center.

{¶ 16} Accordingly, based upon the foregoing reasons, we hereby overrule appellant's sole assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

<u>JUDGMENT ENTRY</u>

It is ordered that the judgment be affirmed and that appellee shall recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court, Juvenile Division, to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. & McFarland, J.: Concur in Judgment & Opinion

For the Court

BY:_____
Peter B. Abele, Judge

## <u>NOTICE TO COUNSEL</u>

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.