OPINION
{¶ 1} Appellant D. Joseph Aaron is appealing his four-year prison sentence imposed by the Harrison County Court of Common Pleas as a result of his guilty plea on one count of robbery. Appellant contends that his sentence runs afoul of his Sixth Amendment right to trial by jury, as that right has been interpreted by Cunningham v.California (2007), 549 U.S., 127 S.Ct. 856, 166 L.Ed.2d 856. TheCunningham case is part of a line of United States Supreme Court cases interpreting whether various types of judicial factfinding during the sentencing phase of trial usurp the role of the jury as factfinder. These cases include Apprendi v. New Jersey (2000), 530 U.S. 466,120 S.Ct. 2348, 147 L.Ed.2d 435, and Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403. Appellant acknowledges that the Ohio Supreme Court severed a number of sections from Ohio's felony sentencing code in order to comply with Blakely, and that now, a sentencing judge has broad discretion in imposing a felony sentence. SeeState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. Appellant has attempted to distinguish, or even invalidate,Foster based on the more recent United States Supreme Court ruling inCunningham. It is clear that Cunningham dealt with a California felony system that is not at all similar to Ohio's system, and its holding does not affect the validity of Foster. Appellant was sentenced under the discretionary standard set forth in Foster, and the judge was not required to sentence him to the minimum possible sentence *Page 3 
allowed by law. Furthermore, Appellant agreed to the four-year prison term, and cannot challenge the sentence on appeal pursuant to R.C.2953.08(D). For these reasons, the judgment of the trial court is affirmed.
 {¶ 2} Appellant was indicted on September 18, 2006, on one count of aggravated robbery, R.C. 2911.01(A)(1), a first degree felony. Appellant robbed a National City Bank branch in Cadiz, Ohio, brandishing a pellet gun at the time. Prior to trial, Appellant entered into Crim.R. 11 plea negotiations. The state agreed to reduce the charge to simple robbery, R.C. 2911.02(A)(3), a third degree felony, and Appellant agreed to plead guilty and to accept the state's recommendation of a four-year prison term. At the plea hearing, the prosecutor stated that the victim, National City Bank, requested restitution of $500, which was the amount of money it had expended on the case. (10/17/06 Tr., p. 7.) The court accepted the guilty plea, and since it was an agreed sentence, proceeded to immediately impose the four-year prison term. Appellant filed a delayed appeal on February 14, 2007, which we granted on April 23, 2007. Appellant presents two assignments of error on appeal.
 ASSIGNMENT OF ERROR NO. 1 {¶ 3} "The trial court erred when it imposed a non-minimum prison term on Mr. Aaron, a person who had never before served a prison term, because a non-minimum prison term contravenes the Sixth Amendment to the United States Constitution. Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531, 159 L.Ed.2d 403; United States v. Booker (2005),543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621." *Page 4 
 {¶ 4} Appellant argues that under the Sixth Amendment, every criminal defendant has a right to trial by jury. Various United States Supreme Court opinions have held that this right signifies that the jury, rather than the trial judge, must make all the factual findings essential to imposing punishment for a conviction. The first of these cases wasApprendi v. New Jersey (2000), 530 U.S. 466, 120 S.Ct. 2348,147 L.Ed.2d 435. Apprendi examined whether the trial judge could impose an enhanced sentence under New Jersey's hate-crime statute. Under New Jersey's sentencing scheme, an enhanced sentence could be imposed if the judge found that racial bias was a motive for the offense. Apprendi, supra,530 U.S. at 468-469, 120 S.Ct. 2348, 147 L.Ed.2d 435. In imposing the enhanced sentence, the trial court found by a preponderance of the evidence that the defendant had a racial bias in committing the offense. Id. at 471, 120 S.Ct. 2348, 147 L.Ed.2d 435. The enhanced sentence exceeded the ten-year maximum sentence provided for second-degree felonies. Id. at 468-469, 471, 120 S.Ct. 2348, 147 L.Ed.2d 435. The case was appealed to the United States Supreme Court, which determined that the enhanced sentence violated Sixth Amendment jury-trial principles because the right to trial by jury includes the mandate that the jury, rather than a judge, find all facts essential to punishment. Id. at 490, 497, 120 S.Ct. 2348, 147 L.Ed.2d 435.
 {¶ 5} In Blakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531,159 L.Ed.2d 403, the rule in Apprendi was broadened. Blakely involved sentencing issues arising under the state law of Washington. The defendant in Blakely pleaded guilty to second-degree kidnapping involving domestic violence and use of a firearm, *Page 5 
a felony carrying a ten-year maximum prison penalty. Blakely,542 U.S. at 298-299, 124 S.Ct. 2531, 159 L.Ed.2d 403. State law established a standard range of 49 to 53 months for second-degree felony kidnapping with a firearm. Id. at 299, 124 S.Ct. 2531, 159 L.Ed.2d 403. The trial judge could deviate from the standard range of sentencing by finding substantial and compelling reasons to justify an exceptional sentence. Id. The trial court made the required findings and imposed a prison term of 90 months.
 {¶ 6} In Blakely, the United States Supreme Court held that the defendant's sentence violated his Sixth Amendment right to a jury trial because a jury did not find the facts that justified the enhanced sentence. Id. at 304-305, 124 S.Ct. 2531, 159 L.Ed.2d 403. Although the prosecution argued that the trial court had not violatedApprendi because the statutory maximum was ten years, the United States Supreme Court held that, "the `statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of thefacts reflected in the jury verdict or admitted by the defendant. * * * In other words, the relevant `statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings."Blakely, 542 U.S. at 303-304, 124 S.Ct. 2531, 159 L.Ed.2d 403.
 {¶ 7} In United States v. Booker (2005), 543 U.S. 220, 125 S.Ct. 738,160 L.Ed.2d 621, the United States Supreme Court appliedBlakely to the Federal Sentencing Guidelines. Booker severed portions of the federal sentencing guidelines *Page 6 
which offended the Sixth Amendment, causing the guidelines to become advisory rather than mandatory. Id. at 259, 125 S.Ct. 738,160 L.Ed.2d 621.
 {¶ 8} On February 27, 2006, the Ohio Supreme Court, in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, appliedApprendi, Blakely and Booker to Ohio's felony sentencing statutes.Foster determined that several provisions of the sentencing statutes allowed the trial judge to make findings and then impose sentences exceeding the maximum authorized by the facts established solely by a plea of guilty or a jury verdict. Accordingly, Foster concluded that those provisions violated the Sixth Amendment as made applicable to the states through the Fourteenth Amendment. Id. at ¶ 61ff. The Ohio Supreme Court applied a remedy similar to the one devised in Booker; certain statutes would be severed and excised from the felony sentencing code. Id. at ¶ 96. Once those provisions were excised, trial courts in Ohio were left with discretion to impose any sentence within the statutory range without engaging in any mandatory judicial fact-finding: "Accordingly, we have concluded that trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reason for imposing maximum, consecutive, or more than the minimum sentences." Id. at ¶ 100.
 {¶ 9} In the instant case, the trial court sentenced Appellant well after the Foster opinion had been issued by the Ohio Supreme Court. The trial court did not rely on any of the statutes that were declared unconstitutional in Foster. In fact, the court's judgment entry indicates that the four-year prison term was agreed upon by *Page 7 
both Appellant and prosecution, and the court adopted the joint recommendation. (11/15/06 J.E., p. 2.) R.C. 2953.08(D)(1) states: "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." It has been repeatedly held that, "[a] sentence that is authorized by law, recommended jointly by defense and prosecution, and imposed by the sentencing judge is not subject to review." State v. Mathis, 109 Ohio St.3d 54, 2006-Ohio-855,846 N.E.2d 1, ¶ 24; State v. Porterfield, 106 Ohio St.3d 5, 2005-Ohio-3095,829 N.E.2d 690, ¶ 25.
 {¶ 10} Even if Appellant's sentence was reviewable, his argument is not persuasive. Appellant attempts to rely on a more recent United States Supreme Court case to invalidate the remedy applied by the Ohio Supreme Court in Foster. Cunningham v. California (2007), 549 U.S.,127 S.Ct. 856, 166 L.Ed.2d 856, dealt with the application of theApprendi line of cases to California's felony sentencing scheme. The defendant in Cunningham was convicted of continuous sexual abuse of a child under age 14. Under California law, he was subject to three distinct prison terms of either six years, twelve years, or sixteen years. This type of sentencing is referred to in California as the determinate sentencing law (DSL). It was generally true under the DSL system that the sentencing court was required to impose the middle level of punishment unless there were circumstances in aggravation or mitigation of the crime. In a post-trial sentencing hearing, the judge found by a preponderance of the evidence that the defendant met six aggravating *Page 8 
factors, including the vulnerability of the victim and the defendant's violent conduct. The court found one mitigating factor, which was that the defendant had no prior record of criminal conduct. The trial court then imposed the harshest prison term of sixteen years.
 {¶ 11} The Cunningham opinion held that California's DSL system violated the Sixth Amendment similarly to Apprendi, Blakely andBooker. The judgment was reversed, but no specific mandate was given as to how California should correct its sentencing scheme so that it would conform to the Sixth Amendment. Cunningham acknowledged that states had generally followed two paths to correct their felony sentencing schemes in light of Apprendi and Blakely. The first was to call upon the jury to engage in additional factfinding to justify enhanced sentences. The second solution, and the solution that the Ohio Supreme Court took inFoster, was, "to permit judges genuinely `to exercise broad discretion . . . within a statutory range,' which, `everyone agrees,' encounters noSixth Amendment shoal. * * * California may follow the paths taken by its sister States or otherwise alter its system, so long as the State observes Sixth Amendment limitations declared in this Court's decisions." Cunningham, 127 S.Ct. at 871.
 {¶ 12} Returning to the case sub judice, it is clear that the California DSL system has no bearing on the Ohio Supreme Court's resolution of the felony sentencing problem in Foster, and has no bearing on the sentence that Appellant received. In Foster, the Ohio Supreme Court chose to excise the offending statutes from the felony sentencing code, leaving the trial judge with broad discretion in *Page 9 
imposing a sentence within the entire range of sentences allowed by statute. When a judge is called upon to sentence a defendant for a third degree felony, he is not required to impose a sentence in the middle range of sentences for that degree of crime. A conviction for a third degree felony authorizes the trial judge to sentence the defendant to 1, 2, 3, 4, or 5 years in prison. R.C. 2929.14(A)(2). A sentencing judge has full discretion to impose a prison term within that range without making any other factual findings. The Cunningham Court approved of this method of compliance with the Apprendi line of cases, and Appellant has no logical basis to rely on Cunningham in an attempt to overturn his sentence.
 {¶ 13} Appellant's first assignment of error is without merit and is overruled.
 ASSIGNMENT OF ERROR NO. 2 {¶ 14} "The trial court erred by considering harm to the victim as a factor in sentencing against Mr. Aaron."
 {¶ 15} As in the previous assignment of error, Appellant is barred from challenging his sentence, pursuant to R.C. 2953.08(D)(1), because the sentence imposed by the judge was agreed upon by Appellant and the prosecutor. Even if Appellant could question the factors that the trial court used in fashioning the sentence, his argument is not persuasive. Appellant claims that one of the factors the trial court considered in sentencing him was the level of harm that was suffered by the victim. Appellant points out that this felony sentencing factor is listed in R.C. 2929.12(B)(2). Appellant contends that there is nothing in the record that supports any finding that the victim suffered harm. The essence of Appellant's argument *Page 10 
appears to be that there was insufficient evidence to support such a finding. No part of Appellant's argument is persuasive. First, the record does not indicate that the trial court ever made such a finding. The court's sentence is based on the agreement reached between Appellant and the prosecutor. Second, if the court had made a finding that the victim was harmed, the record supports such a finding. The transcript of the plea hearing indicates that the victim, National City Bank, requested restitution of $500 related to the prosecution of the case. That is a significant sum of money and certainly constitutes some harm. The record does not support Appellant's argument, and this assignment of error is overruled.
 {¶ 16} In conclusion, Appellant is barred from challenging his sentence because it was an agreed sentence. Furthermore, Appellant has not shown that Foster is unconstitutional or that his four-year prison term violates his right to trial by jury. The judgment of the trial court is affirmed.
Donofrio, J., concurs.
 DeGenaro, P.J., concurs in judgment only. *Page 1