[Cite as *State v. Walker*, 2011-Ohio-4005.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Patricia A. Delaney, P. J.<br>Hon. Sheila G. Farmer, J.<br>Hon. John W. Wise, J. |
| Plaintiff-Appellee | |
| -vs- | Case No. 10 CA 116 |
| GARY D. WALKER | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:       Criminal Appeal from the Court of Common
                               Pleas, Case No.  2009 CR 0052-D


JUDGMENT:                      Affirmed


DATE OF JUDGMENT ENTRY:        August 10, 2011


APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

KEN EGBERT, JR.                       GARY D. WALKER, PRO SE
SPECIAL PROSECUTING ATTORNEY          RICHLAND CORRECTIONAL INST.
One Government Center, #1340          1001 Olivesburg Road
Toledo, Ohio  43604                   Mansfield, Ohio  44901

*Wise, J.*

{¶1}   Appellant Gary D. Walker appeals from an amended felony sentencing entry rendered by the Richland County Court of Common Pleas. The relevant facts leading to this appeal are as follows.

{¶2}   On June 2, 2009, after the commencement of a jury trial in the Richland County Court of Common Pleas, appellant indicated he would change his pleas to forty-seven felony counts, including engaging in a pattern of corrupt activity ("EPCA"), forgery, and theft, with forfeiture specifications. The trial court thereupon conducted a change of plea hearing outside the presence of the jury and accepted appellant's pleas of guilty. The trial court then sentenced appellant to a total of twelve years in prison. The sentencing entry included an order that appellant serve three years of mandatory post release control ("PRC"). See Sentencing Entry, June 2, 2009, at 2.

{¶3}   Appellant filed a notice of appeal from his 2009 convictions and sentence on July 1, 2009. However, on September 24, 2009, this Court dismissed the appeal upon appellant's motion.

{¶4}   On September 28, 2009, appellant filed a pro se "motion for sentencing," claiming that the trial court had not properly advised him of the consequences of post-release control violations.

{¶5}   On December 7, 2009, appellant filed an "urgent motion to take judicial notice," apparently seeking resentencing.

{¶6}   On December 30, 2009, the trial court conducted a video conference hearing to notify appellant of his PRC obligations. The next day, December 31, 2009,

appellant filed a motion to withdraw guilty pleas, citing Crim.R. 32.1. He subsequently added a memorandum in support thereof.

{¶7} On January 14, 2010, appellant abruptly filed a motion to dismiss counts two through thirty-four of his indictment, alleging lack of jurisdiction of the grand jury.

{¶8} On March 24, 2010, the trial court denied appellant's motion to withdraw guilty pleas. Appellant did not appeal the denial.

{¶9} On April 12, 2010, appellant filed a "motion for final judgment," asserting that the trial court had not disposed of the odd-numbered counts in the indictment (three through forty-three) as well as two other counts in the indictment (forty-four and forty-six).

{¶10} In the meantime, the trial court had not issued a written judgment entry addressing the results of the PRC video hearing of December 30, 2009. Accordingly, on July 28, 2010, the trial court issued a judgment entry stating, inter alia, that appellant "has been notified personally of the consequences of a post-release control violation pursuant to R.C. 2929.19(B)(3)(e) ***."

{¶11} On August 27, 2010, appellant filed a "motion for re-sentencing to correct void sentence."

{¶12} On September 7, 2010, the trial court filed an amended sentencing entry.[1] This entry was virtually identical to the sentencing entry of June 2, 2009, but it specified, per the agreement of the parties at the 2009 change of plea hearing, that each odd-numbered count (three through forty-three) was merged into its preceding even-

---

[1] Appellant maintains that the court issued the amended entry in response to a pending complaint for a writ of mandamus before this Court at the time. We dismissed the complaint as moot on November 15, 2010. See *State ex rel. Walker v. DeWeese*, Richland App.No. 10CA85, 2010-Ohio-5544.

numbered count. Count forty-four was dismissed, while count forty-six was merged into count forty-five.

{¶13} On September 28, 2010, appellant filed a notice of appeal of the September 7, 2010 amended sentencing entry. He herein raises the following seven Assignments of Error:

{¶14} "I.  THE TRIAL COURT DENIED GARY D. WALKER HIS RIGHT TO DUE PROCESS AND EQUAL PROTECTION IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION, WHEN IT ACCEPTED UNKNOWING, UNINTELLIGENT, AND INVOLUNTARY GUILTY PLEAS IN VIOLATION OF CRIMINAL RULE 11 & THE OHIO SUPREME COURT HOLDING IN STATE V. SARKOZY,117 OHIO ST.3D 86, 2008-OHIO-509, 881 N.E.2D 1224.

{¶15} "II.  THE TRIAL COURT DENIED GARY D. WALKER HIS RIGHT TO THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION, WHEN IT ACCEPTED UNKNOWING, UNINTELLIGENT, AND INVOLUNTARY GUILTY PLEAS IN VIOLATION OF CRIMINAL RULE 11, WHEN THE COURT FAILED TO ADVISE APPELLANT OF THE PENALTY(S) APPLICABLE TO ENGAGING IN A PATTERN OF CORRUPT ACTIVITY.

{¶16} "III.  THE TRIAL COURT VIOLATED CRIM. R. 11, WHEN IT COMPLETELY FAILED TO ADVISE MR. WALKER OF THE MAXIMUM PENALTY IN RELATION TO THE ODD NUMBER COUNTS OF HIS INDICTMENT THREE (3), FIVE (5), SEVEN (7), VIOLATING APPELLANT'S RIGHTS TO THE FIFTH, SIXTH, AND

FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION AND SECTIONS 10 AND 16 OF ARTICLE ONE OF THE OHIO CONSTITUTION.

{¶17} "IV. THE COURT COMMITTED PREJUDICIAL ERROR, WHEN THE COURT FAILED TO COMPLY WITH CRIMINAL RULE 11, THEN SUBSEQUENTLY SENTENCING APPELLANT TO THE OFFENSE(S) OF THEFT AND UTTERING. THESE ARE ALLIED OFFENSES OF SIMILAR IMPORTS (SIC), THEREBY VIOLATING APPELLANT (SIC) FIFTH, SIXTH, AND FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION, AND THE SAME OF THE OHIO CONSTITUTION.

{¶18} "V. TRIAL COUNSEL (SIC) PERFORMANCE WAS INEFFECTIVE, THEREBY VIOLATING APPELLANT'S SIX (SIC) AMENDMENT TO THE U.S. CONSTITUTION AND THE SAME OF THE OHIO CONSTITUTION.

{¶19} "VI. THE COURT VIOLATED CRIMINAL RULE 43, WHEN COURT IMPOSE (SIC) SANCTIONS IN JUDGMENT ENTRY, BUT FAILS TO IMPOSE AT ORAL SENTENCING HEARING.

{¶20} "VII. THE TRIAL COURT ABUSED ITS DISCRETION BY SENTENCING APPELLANT TO SEVEN YEARS IMPRISONMENT AND THREE YEARS MANDATORY POST-RELEASE CONTROL, IN RELATION TO THE OFFENSE OF ENGAGING IN A PATTERN OF CORRUPT ACTIVITY, WITHOUT CONSIDERING THE STATUTORY PENALTY(S) UNDER R.C. § 2923.32, THEREBY VIOLATING APPELLANT'S RIGHT UNDER THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION AND THE SAME OF OHIO CONSTITUTION."

I., II., III., IV., V., VI., VII.

{¶21} In his present Assignments of Error, appellant essentially raises three claims regarding (1) acceptance of his guilty pleas, (2) ineffective assistance of trial counsel, and (3) aspects of his sentence. However, in light of the procedural history of this case and the spate of appellant's motions filed after his 2009 conviction and sentences, we find none of these claims are properly before this Court.

{¶22} We first note that appellant, having voluntarily dismissed his direct appeal in 2009, chose to challenge his guilty pleas by filing a motion under Crim.R. 32.1 and *State v. Sarkozy*, 117 Ohio St.3d 86, 881 N.E.2d 1224, 2008–Ohio–509. Said motion was separately denied by judgment entry on March 24, 2010. At that point, the denial of said post-sentence Crim.R. 32.1 motion to withdraw plea constituted a final appealable order. See, e.g., *State v. Damron*, Scioto App.No. 10CA3375, 2011-Ohio-165, ¶ 7 (additional citations omitted). As noted in our recitation of facts, appellant did not appeal therefrom. Likewise, the trial court had dealt with appellant's post-release control claims via a hearing (December 30, 2009) and judgment entry (July 28, 2010), from which appellant again did not appeal. Furthermore, the amended sentencing entry of September 7, 2010, from which appellant has appealed herein, does not open the door to a new round of direct appeal challenges to his 2009 convictions and sentences. The purpose of the amended sentencing entry was to clarify, at appellant's insistence, the issue of merger regarding a number of the counts. Because this amended entry was issued solely to memorialize additional aspects of the plea agreement concerning merger of offenses, we find it to be in the nature of a nunc pro tunc sentencing entry. However, nunc pro tunc entries generally do not extend the time in which to appeal. See

*Pugh Shows, Inc. v. Pugh*, Fairfield App.No. 6-CA-91, 1991 WL 302426, citing *State v. Shinkle* (1986), 27 Ohio App.3d 54.

{¶23} Accordingly, we hold the issues raised by appellant in the present appeal are unreviewable by this Court under the doctrine of res judicata. Appellant's First, Second, Third, Fourth, Fifth, Sixth, and Seventh Assignments of Error are overruled.

{¶24} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Richland County, Ohio, is hereby affirmed.


By: Wise, J.

Delaney, P. J., and

Farmer, J., concur.

_____

_____

_____

JUDGES

JWW/d 721

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                          :
                                       :
    Plaintiff-Appellee                 :
                                       :
-vs-                                   :               JUDGMENT ENTRY
                                       :
GARY D. WALKER                         :
                                       :
    Defendant-Appellant                :               Case No. 10 CA 116


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.

Costs assessed to appellant.


_____

_____

_____
JUDGES