[Cite as *State v. Roach*, 2012-Ohio-1295.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

STATE OF OHIO, :

    Plaintiff-Appellee, : Case No. 11CA12

    vs. :

RYAN D. ROACH, : DECISION AND JUDGMENT ENTRY

    Defendant-Appellant. :

_____

APPEARANCES:

COUNSEL FOR APPELLANT: Sterling E. Gill II, 1445 Garywood Avenue, Columbus, Ohio 43227

COUNSEL FOR APPELLEE: J.B. Collier, Jr., Lawrence County Prosecuting Attorney, and W. Mack Anderson, Lawrence County Assistant Prosecuting Attorney, Lawrence County Courthouse, One Veteran's Square, Ironton, Ohio 45638-1521

_____

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 3-15-12

ABELE, P.J.

{¶ 1} This is an appeal from a Lawrence County Common Pleas Court judgment of conviction and sentence. Ryan D. Roach, defendant below and appellant herein, pled guilty to (1) two counts of complicity to aggravated drug trafficking in violation of R.C. 2923.03(A)(2)/2925.03(A)(1); and (2) corruption of another with drugs in violation of R.C. 2925.02(A)(4)(a). Appellant assigns the following errors for review[1]:

---

[1] Appellant's amended brief does not contain a statement of the assignments of error. See App.R.

FIRST ASSIGNMENT OF ERROR:

"THE TRIAL COURT ABUSED IT'S [sic] DISCRETION BY
DENYING [sic] BY IMPOSING THE MAXIMUM SENTENCE
OF FIVE YEARS IMPRISMENT ON APPELLANT FOR
COUNT II OF THE INDICTMENT WHEN APPELLANT WAS
A FIRST TIME OFFENDER.   FURTHERMORE; [sic] O.R.C.
SEC. 2953.08 BESTOWS ON THE APPELLANT AN APPEAL
AS A MATTER OF RIGHT[.]"

SECOND ASSIGNMENT OF ERROR:

"THE TRIAL COURT ABUSED IT'S [sic] DISCRETION BY
FAILING TO FIND THAT 'A CONFLICT OF INTEREST'
EXISTED WITH APPELLANT'S FORMER COUNSEL
REPRESENTING BOTH APPELLANT AND DEFENDANT,
TINA WHITE, WHO SNITCHED ON APPELLANT AND WAS
ALSO SENT TO PRISON.   APPELLANT'S DENIAL OF A
'CONFLICT OF INTEREST' WITH HIS FORMAL COUNSEL
WAS NOT SUBJECT TO A HEARING BY THE TRIAL COURT
DESPITE APPELLANTS SIXTH AMENDMENT RIGHT TO
COUNSEL BEING CHALLENGED."

THIRD ASSIGNMENT OF ERROR:

"THE TRIAL COURT ABUSED IT'S [sic] DISCRETION BY
NOT GRANTING APPELLANT A HEARING ON HIS
WITHDRAWAL OF PLEA WHEN APPELLANT'S
WITHDRAWAL OF PLEA WAS TIMELY AND HAD
SUBSTANCE BEHIND HIS REASON FOR WITHDRAWAL[.]"

{¶ 2}    On March 28, 2011, the Lawrence County Grand Jury returned an indictment that

charged appellant with the aforementioned offenses.   He subsequently pled guilty to all three

offenses and, after determining that appellant understood his constitutional rights and that his

pleas were knowing and voluntary, the trial court accepted the guilty pleas.   The trial court

sentenced appellant to serve five years in prison on one charge of complicity to aggravated drug

16(A)(3).   Consequently,   we have taken the assignments of error from his table of contents.

trafficking and the corruption of another with drugs count.   On the other complicity to

aggravated drug trafficking count, the court sentenced appellant to serve seventeen months

imprisonment.   The court did, however, order that all sentences be served concurrently, for a

total of five years imprisonment.   This appeal followed.

I

{¶ 3}   In his first assignment of error, appellant asserts that the trial court's imposition of

a maximum five year prison sentence on the complicity to aggravated drug trafficking charge

constitutes an abuse of its discretion.   He also appears to contend that the trial court violated his

rights to an automatic appeal of right as guaranteed by R.C. 2953.08.   There is certainly no merit

to the latter argument in view of the fact that this case is now before us.   Thus, appellant has not

been denied a right to appeal.[2]   However, as to the prior argument we agree with appellant that a

problem exists regarding the sentence imposed for the second count of the indictment.

{¶ 4}   Generally, appellate review of a sentence involves a two step process.   State v.

Kalish, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124; see also State v. Moman, Adams

App. No. 08CA876, 2009-Ohio- 2510, at ¶6.   First, the court must determine whether the trial

court complied with all applicable rules and statutes.   Kalish, supra at ¶4.   If it did, then we

review the sentence under the abuse of discretion standard.   Id.   In the case sub judice, it

appears that the sentence imposed on the second count does not satisfy the first step under

Kalish.   The May 6, 2011 judgment specifies that the trial court sentenced appellant to serve five

years incarceration for a third degree felony.   Ohio law, however, only permits a thirty-six month

---

[2] R.C. 2953.08 guarantees a defendant a right to appeal his sentence under certain circumstances and one of those is where a maximum sentence is imposed. Id. at (A)(1)(b).

maximum imprisonment for a third degree felony.   See R.C. 2929.14 (A)(3)(b).   Trial courts may impose sixty month terms for offenses set forth in R.C. 2929.14(a)(3)(A), but none of those offenses are at issue in the case sub judice.

{¶ 5}   The appellee counters that this sentence arose from a plea agreement and that appellant cannot be heard to object to the sentence.   Although the transcript does indicate this was a negotiated arrangement, or at least defense counsel expressed agreement, that point is superfluous.   It is the province of the Ohio General Assembly to decide the maximum length of a prison sentence, not the bench and bar through a plea agreement process.   Courts may only impose sentences that the statues permit. Cincinnati v. Howard, 179 Ohio App.3d 60, 900 N.E.2d 689, 2008- Ohio-5502, at ¶4; State v. Aaron, Harrison App. No. 07HA1, 2008-Ohio-1186.

{¶ 6}   It is, however, tempting to ignore this error as harmless under Crim.R. 52(A). After all, appellant received concurrent sentences for a total of five years.   Thus, even with a reduced sentence on count two, appellant will serve a five year term of incarceration on count three of the indictment.[3]   Appellant did not appeal that sentence and, thus, he will serve five years.   Nevertheless, as our First District colleagues have aptly noted, a sentence other than one allowed by statute is void.   See Howard, supra at ¶4.

{¶ 7}   Therefore, although appellant's total sentence will probably remain unchanged, we must vacate his sentence and remand the matter for re-sentencing on that charge.   Thus, we hereby sustain appellant's first assignment of error for these reasons.

II

{¶ 8}   In his next assignment of error, appellant asserts that a conflict of interest existed

and, because the trial court did nothing, his constitutional rights were violated.   The alleged

conflict to which appellant alludes is that his trial counsel also represented a co-defendant in a

different criminal case that arose from the same set of circumstances under which he was

charged.

{¶ 9}   First, appellant cites nothing in the record of this case to substantiate that his trial

counsel did, in fact, also represent a co-defendant.   Second, even if appellant had cited such

evidence in the record, we have not found any objection to such dual representation.   Moreover,

the "Proceeding On Guilty Plea" filed on April 28, 2011 shows that appellant answered

affirmatively when asked if he had "confidence" in his attorney.   Finally, appellant has not

demonstrated that any duel representation prejudiced his interests.   In short, appellant can point

to nothing in the record to show that this alleged conflict of interest infringed on his

constitutional rights.[4]

{¶ 10} Accordingly, based upon the foregoing reasons, we find no merit to appellant's

second assignment of error and it is hereby overruled.

III

{¶ 11} In his third and final assignment of error, appellant argues that the trial court erred

by overruling his motion to withdraw his guilty plea without conducting a hearing.   However,

---

[3] Appellant did not appeal the sentence imposed under this count of the indictment.

[4] Appellant's argument, as well as the appellee's counter argument, appears to rely on materials from the case in which the co-defendant was indicted.   However, the record that we review on appeal consists of original papers, as well as any exhibits, and the transcript of proceedings in the trial court that is currently on appeal.   See App.R. 9(A).   It does not appear that any of the proceedings from the co-defendant's case were made a part of the record in the case sub judice.   Thus, we will not consider them.   See generally Shealy v. Campbell (Aug. 3, 1982), Crawford App. NO. 3-82-1.   Nor will we consider exhibits from that case attached to the briefs in this case if they were not made part of the record below. State v. Martin, Scioto App. No. 04CA2946, 2005-Ohio-4059, at ¶11; State v. Jenkins (Aug. 26, 2000), Vinton App. No. 99CA36.

that issue is not properly before us at this time.   The judgment was entered on May 6, 2011.   On

June 6, 2011, appellant filed his notice of appeal from that judgment.   Appellant filed his motion

to withdraw his guilty plea on July 1, 2011, more than three weeks after the notice of appeal that

commenced the present case.   The trial court overruled the motion on July 13, 2011.   That entry

was a final, appealable order.   See State v. Walker, Richland App. No. 10CA116,

2011-Ohio-4005, at ¶22; State v. Damron, Scioto App. No. 10CA3375, 2011-Ohio-165, at ¶7.

Because any alleged error in the trial court's decision on the motion needed to be raised in an

appeal commenced through a second notice of appeal, we do not have jurisdiction to review the

judgement at this time.   Therefore, for these reasons we hereby overrule appellant's third

assignment of error.

{¶ 12}  Having sustained appellant's first assignment of error, we remand the case for
re-sentencing on that count pursuant to this opinion.

> JUDGMENT AFFIRMED IN PART,
> REVERSED IN PART AND CASE
> REMANDED FOR FURTHER
> PROCEEDINGS CONSISTENT WITH
> THIS OPINION.

JUDGMENT ENTRY

It is ordered the judgment be affirmed in part, reversed in part and the case be remanded
for further proceedings consistent with this opinion.   Appellant to recover of appellee the costs
herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County
Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted, it is
continued for a period of sixty days upon the bail previously posted.   The purpose of said stay is
to allow appellant to file with the Ohio Supreme Court an application for a stay during the

pendency of the proceedings in that court.   The stay as herein continued will terminate at the expiration of the sixty day period.

The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court.   Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. & McFarland, J.: Concur in Judgment & Opinion

For the Court

BY:_____

Peter B. Abele
Presiding Judge

**NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.