[Cite as *State v. Tumey*, **2013-Ohio-345.**]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | Case No. 11CA924 |
| vs. | : | |
| CHARLES TUMEY, | : | DECISION AND JUDGMENT ENTRY |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

COUNSEL FOR APPELLANT: Timothy Young, Ohio Public Defender, and Sarah G. LoPresti, Ohio Assistant Public Defender, 250 East Broad Street, Ste. 1400, Columbus, Ohio 43215

COUNSEL FOR APPELLEE: C. David Kelley, Adams County Prosecuting Attorney, and Kris D. Blanton, Adams County Assistant Prosecuting Attorney, 110 West Main Street, Room 112, West Union, Ohio 45693-1389

_____
CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 1-29-13
ABELE, J.

{¶ 1} This is an appeal from an Adams County Common Pleas Court judgment of conviction and sentence. A jury found Charles Tumey, defendant below and appellant herein, guilty of complicity to convey prohibited items onto the grounds of a correctional facility in violation of R.C. 2923.03 & R.C. 2921.36(A)(2).

{¶ 2} Appellant assigns the following error for review:

"THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT SENTENCED

MR. TUMEY TO A FOUR-YEAR PRISON TERM."

**{¶ 3}** On February 3, 2011, appellant was incarcerated in the Adams County Jail. Appellant procured Carolyn Love to bring a bag of drugs to the facility and attach them to a line dropped from an upper floor window. Love engaged in this act while on a live video feed, and was quickly apprehended.

**{¶ 4}** The Adams County Grand Jury returned an indictment that charged appellant with two counts of complicity to convey prohibited items onto the grounds of a detention facility. The jury later found him guilty on both counts.

**{¶ 5}** At sentencing, the trial court (1) reasoned that the two counts must merge for sentencing purposes, and (2) imposed a four year term of imprisonment. This appeal followed.

**{¶ 6}** Appellant asserts, in his sole assignment of error, that the trial court abused its discretion by sentencing him to serve four years in prison. Generally, appellate review of a sentence involves a two step process. *State v. Kalish*, 120 Ohio St.3d 23, 2008–Ohio–4912, 896 N.E.2d 124; see also *State v. Evans*, 4th Dist. No. 11CA16, 2012-Ohio-850, at¶5; *State v. Moman*, 4th Dist. No. 08CA876, 2009–Ohio-2510, at ¶6. First, an appellate court must determine whether the trial court complied with all applicable rules and statutes. *Kalish*, supra at ¶4. If it did, the appellate court reviews the sentence under the abuse of discretion standard. Id,; *State v. Roach*, 4th Dist. No. 11CA12, 2012-Ohio-1295, at ¶4.

**{¶ 7}** In the case sub judice, appellant does not argue that the trial court failed to comply with the first part of the *Kalish* test. Instead, appellant contends that the court considered various improper factors and, thus, abused its discretion. Here, appellant's brief sets out two pages of the transcript that contain the trial court's comments concerning the sentence that it chose to impose. The court mentioned its view on illegal drugs, the scourge that illegal drugs

have had on the Adams County community, and how illegal drugs destroy people's lives and render them incapable of curing their addiction or maintaining employment and becoming productive members of society. We acknowledge that decisions from this Court and others hold that consideration of improper factors in sentencing constitutes an abuse of discretion. See e.g. *State v. Murphy*, 2nd Dist. No. 2010    CA 81, 2011-Ohio-5416, at ¶21; *State v. Davis*, 4th Dist. No. 09CA28, 2010-Ohio-555, at ¶25. We, however, believe that the court's comments cite appropriate factors to consider when determining how to protect the public and how to appropriately punish an offender. See R.C. 2929.11(A).

{¶ 8}    Appellant also cites the trial court's comments about the aesthetic appearance of the courthouse. Presumably, this concern was voiced about the modifications to the exterior of the courthouse and efforts that authorities must now undertake to increase security. We, however, discern nothing in those remarks to indicate that appellant was punished more harshly than he otherwise would have been, nor do we believe that appellant suffered any prejudice.

{¶ 9}    Appellant also raises an issue about the trial court's remark that appellant "master manipulated [him]self out of a, quite frankly, a sweet plea agreement." Obviously, if we believed that this statement indicated that the court punished the appellant for his request to withdraw his plea, a request that the court actually granted and rescinded the previous plea agreement, we would, of course, be inclined to reverse the sentence. It is well-settled that courts may not punish a defendant for rejecting a plea agreement and exercising the right to a trial as guaranteed in the United States Constitution. See *State v. O'Dell*, 45 Ohio St.3d 140, 147, 543 N.E.2d 1220 (1989); also see e.g. *State v. Ganaway*, 8th App. No. 89722, 2008-Ohio-1629, at ¶23. However, we are not persuaded this was the trial court's intention. On the same page of

the sentencing transcript where the court refers to appellant as a master manipulator, the court also referred to how appellant "manipulate[d] those of lesser mental ability" while perpetrating these offenses. Additionally, earlier in the proceeding the court commended appellant for being "most professional at all times" and complimented his "demeanor." Here, we interpret the trial court's comments as a recognition that appellant showed considerable skill in manipulating other individuals. Why is this important? Perhaps because earlier in the hearing appellant complained that "he always had a drug problem" and "got no rehabilitation." The court may have simply expressed its reason for not accepting appellant's pleas for leniency.

{¶ 10} In the end, in the case sub judice we are not persuaded that the trial court actually considered improper sentencing factors. If a court complies with all applicable rules and statutes, we may not reverse a sentence absent an abuse of discretion. Generally, an "abuse of discretion" is more than an error of law or judgment; rather, it implies that a court's attitude is unreasonable, arbitrary or unconscionable. *State v. Herring*, 94 Ohio St.3d 246, 255, 762 N.E.2d 940 (2002); *State v. Adams*, 60 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980). Furthermore, in reviewing for an abuse of discretion, appellate courts must not substitute their judgment for that of the trial court. *State ex rel. Duncan v. Chippewa Twp. Trustees*, 73 Ohio St.3d 728, 732, 654 N.E.2d 1254 (1995); *In re Jane Doe 1*, 57 Ohio St.3d 135, 137-138, 566 N.E.2d 1181 (1991). Once again, in this matter we do not believe that the trial court acted in an unreasonable, arbitrary or unconscionable manner.

{¶ 11} Accordingly, based upon the foregoing reasons, we hereby overrule appellant's assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

[Cite as *State v. Tumey*, **2013-Ohio-345.**]

JUDGMENT ENTRY

It is ordered that the judgment be affirmed and appellee to recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.

The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, P.J. & Harsha, J.: Concur in Judgment & Opinion

For the Court

BY:_____
Peter B. Abele, Judge

**NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.